UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HASSAN WILLIAMS, <br>     Petitioner, <br>     v. <br> MARK GARMAN; <br> THE DISTRICT ATTORNEY OF THE <br> COUNTY OF PHILADELPHIA; and <br> THE ATTORNEY GENERAL OF THE <br> STATE OF PENNSYLVANIA, <br>     Respondents. | No. 2:15-cv-06066 |

**O P I N I O N**
**Report and Recommendation, ECF No. 38—Approved and Adopted**

**Joseph F. Leeson, Jr.**                                                                                                            **March 4, 2019**
**United States District Judge**

       **I.**        **INTRODUCTION**

Petitioner Hassan Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his December 2008 conviction in the Philadelphia County Court of Common Pleas for first-degree murder, robbery, criminal conspiracy, and possession of an instrument of crime. ECF No. 1. United States Magistrate Judge Henry S. Perkin issued a Report and Recommendation ("R&R") recommending that the habeas corpus claims be denied. ECF No. 38. Williams has filed objections to the R&R. ECF No. 45. After de novo review, this Court adopts the R&R and denies habeas relief.

       **II.**       **LEGAL STANDARD—R&R with Objections**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099,

1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

Magistrate Judge Perkin has written a thorough and well-reasoned R&R and recommends that Williams's habeas claims be denied. This Court has conducted de novo review and writes separately only to address Williams's objections, which are overruled for the reasons discussed below. Magistrate Judge Perkin's R&R is approved and adopted in all other respects.

### A. Williams's Objections to Procedurally Defaulted Claims

In his R&R, Magistrate Judge Perkin found that five of the nine claims in Williams's habeas petition are procedurally defaulted. These include Williams's claims that: police obtained his confession in violation of *Miranda*[1] (Ground 1), his statement to police was coerced (Ground 2), his trial counsel provided ineffective assistance (Ground 3),[2] the identification evidence was insufficient to support his conviction (Ground 4), and the crime "lacked substantiation" (Ground 9). Additionally, Magistrate Judge Perkin found that each of these procedurally defaulted claims is meritless. *See* R&R 23 (Ground 1), 26 (Ground 2), 29 (Ground 3), 31-32 (Ground 4), 45 (Ground 9).

---

[1]     *Miranda v. Arizona*, 384 U.S. 436 (1966).
[2]     Magistrate Judge Perkin first found that this claim is undeveloped and unreviewable and, in the alternative, procedurally defaulted, as Williams did not raise the issue of trial counsel's failure to investigate in his PCRA petition. R&R 29.

Williams objects to Magistrate Judge Perkin's conclusions with respect to four of his five procedurally defaulted claims: *Miranda* violations (Ground 1), coerced statements to police (Ground 2), sufficiency of identification evidence (Ground 4), and that the crime "lacked substantiation" (Ground 9). Williams admits that he did not present these claims on direct appeal or in his PCRA petition but argues that his trial/appellate counsel and PCRA counsel were ineffective for failing to raise the issues he now presents in his habeas petition, creating "a layered ineffective assistance of counsel claim." Pet. 1-3. Williams asserts that a decision by this Court to reject his claims as procedurally defaulted "would result in a fundamental miscarriage of justice." Pet. 3.[3]

Williams does present three layers of claims in his petition and objections:

(1) The four substantive claims in his habeas corpus petition that he claims are reviewable;

(2) Ineffective assistance of trial/appellate counsel for failing to raise the substantive claims on direct appeal;

(3) Ineffective assistance of PCRA counsel.

As Magistrate Judge Perkin concluded and Williams seems to admit, his first layer of claims is procedurally defaulted. Williams suggests that the ineffective assistance of counsel claims, the second and third layers, can excuse the procedural default of the first layer of claims.

Williams is incorrect. As far as the third layer of claims, ineffective assistance in state postconviction proceedings, such as PCRA proceedings, ordinarily does not qualify as cause to excuse a procedural default. *See Coleman v. Thompson*, 501 U.S. 722 (1991). As Magistrate

---

[3] Williams attributes his trial/appellate counsel's allegedly deficient performance to a lawsuit his counsel filed in April 2008 seeking fairer compensation for court-appointed defense attorneys and attaches a newspaper article about the lawsuit. Pet. 3, 5-6.

Judge Perkin recognized, ineffective assistance by a prisoner's state postconviction counsel establishes cause to overcome procedural default only where the underlying procedurally defaulted claim alleges ineffective assistance of trial counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2062–63 (2017) (holding that *Martinez* exception "treats ineffective assistance by a prisoner's state postconviction counsel as cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal"). Because none of the procedurally defaulted claims about which Williams objects allege ineffective assistance of trial counsel, the alleged ineffectiveness of his PCRA counsel does not excuse the procedural default of those claims.

Williams also suggests that his second layer of claims, the ineffective assistance of his counsel on direct appeal, can establish cause for the procedural default of his first-layer substantive claims. Ineffective assistance of counsel on direct appeal can establish cause for procedural default. *Coleman*, 501 U.S. at 753-54; *see also Martinez v. Ryan*, 566 U.S. 1, 11 (2012) ("[A]n attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims."). However, to excuse procedural default of an underlying claim, a claim of ineffective assistance of direct appeal counsel must have been exhausted itself and may not be procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 448 & 451-453 (2000) (holding that "a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as 'cause' for the procedural default of another claim when the ineffective-assistance claim has itself been procedurally defaulted"

and when the petitioner cannot "satisfy the cause-and-prejudice standard with respect to *that* claim") (italics in original). Moreover, the ineffective assistance of direct appeal counsel claim must rise to the level of a constitutional deprivation under *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Mannino*, 212 F.3d 835, 840 (3d Cir. 2000) (citing *Coleman*).

This Court need not decide whether Williams exhausted his claim that his counsel on direct appeal was ineffective for failing to raise the underlying issues he now raises on habeas because his ineffective assistance claim is meritless, and thus cannot establish cause for excusing the procedural default of his habeas claims.[4] An attorney's failure to raise a meritless argument does not establish ineffective assistance. *United States v. Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015). Williams claims that his direct appeal counsel was ineffective because he did not raise the claims in Grounds 1, 2, 4, and 9 of his habeas petition. However, Magistrate Judge Perkin concluded that the claims in Grounds 1, 2, 4, and 9 were meritless. Williams does not challenge these conclusions and this Court agrees with Magistrate Judge Perkin's analysis of the substance of the habeas claims. Therefore, Williams's counsel on direct appeal was not ineffective for failing to raise these meritless claims, and the procedural default of those claims cannot be excused because of ineffective assistance of direct appeal counsel. *See Saunders v. Asure*, No. 1:CV-13-3056, 2015 WL 7776627, at *9 (M.D. Pa. Dec. 3, 2015) (holding that petitioner could

---

[4] With respect to exhaustion, it does appear that Williams's PCRA counsel raised at least some of the same arguments about the ineffective assistance of direct appeal counsel that Williams now presents to this Court. For example, Williams's PCRA petition asserted that his trial and direct appeal counsel was ineffective for inadvertently waiving the issue of whether the trial court violated Williams's Fifth Amendment rights when it allowed the prosecution to mention Williams's refusal to have his statement to the police videotaped. *See* State Court Record, Petitioner's Amended Memorandum of Law in Support of His Motion for Post Conviction Relief 16-17. This parallels Williams's objection that his counsel on direct appeal was ineffective for failing to raise his claim in Ground 1 that the trial court allowed mention of his refusal for a taped interview. Yet this Court need not determine whether Williams's PCRA petition "fairly presented" all the grounds for Williams's ineffective assistance of direct appeal counsel argument because, as discussed below, the argument lacks merit.

not establish cause for procedural default based upon counsel's failure to raise a meritless argument); *Zeyon v. Pitkins*, No. CIVA09-2886, 2010 WL 1135728, at *7 n.9 (E.D. Pa. Mar. 1, 2010) (denying evidentiary hearing because petitioner's claim was procedurally defaulted and he could not establish cause based upon attorney's failure to raise meritless argument), *report and recommendation adopted*, No. CIV.A. 09-2886, 2010 WL 1068179 (E.D. Pa. Mar. 17, 2010) (same).

Moreover, even if the claims were not procedurally defaulted Magistrate Judge Perkin's ultimate conclusion remains—they are meritless. Williams is not entitled to relief on Counts 1, 2, 4, and 9 of his petition.

### B. Williams's *Miller* Objection

In Ground 8 of his petition, Williams argues that his sentence of life imprisonment without parole was cruel and unusual punishment that entitles him to habeas relief under *Miller v. Alabama*, 132 S. Ct. 2455 (2012). Magistrate Judge Perkin recognized that although *Miller* held that mandatory life without parole for those under the age of eighteen at the time of their crime violates the Eighth Amendment, *see* 132 S.Ct. at 2474, Williams was nineteen years and nine months old at the time of his crime, so *Miller* does not entitle him to relief. R&R 42-43.

In his objections, Williams recognizes that he was over nineteen years old at the time he committed his crime, but argues that *Miller* should apply regardless because he is "similarly situated to the beneficiaries of the *Miller* and *Montgomery* decisions in all relevant respects, but for the arbitrariness of the legal age of maturity." Objs. 10. Williams contends that "science has already shown, and proven that, Petitioner's brain is not fully developed until he [reaches] the age of maturity at 25 years old," and that the "combined effect" of his youth, childhood and

adolescent abuse, and "lack of intent to kill" reduce his culpability and bring him within the class of defendants protected by *Miller*. *Id.*

Williams makes a similar argument to the petitioner in *Leafey v. Kerestes*, who was twenty-one at the time of his crime. No. CIV. 14-3009, 2014 WL 5823067, at *3 (E.D. Pa. Nov. 7, 2014). The petitioner argued that because "science indicates that the brain continues to mature into the early twenties," *Miller* therefore created a class of individuals protected by the Eighth Amendment "beyond the age of 17 up to the age of 25." The court rejected this argument and observed that the Supreme Court limited its holding in *Miller* to juveniles under the age of 18 at the time of their crimes. *Id. See also Adkins v. Wetzel*, 2014 WL 4088482, at *5 (E.D. Pa. Aug. 18, 2014) ("Presumably aware that the definition of 'juvenile' or 'child' may vary from state to state, the Supreme Court [in *Miller*] drew a bright line at eighteen years of age). Williams argues that this Court should expand *Miller* and not simply apply it; however, district courts within the Third Circuit routinely reject similar arguments. *See Prather v. Gilmore*, No. 1:18-CV-973, 2019 WL 247397, at *3 (M.D. Pa. Jan. 17, 2019) (citing *Pritchard v. Wetzel*, 2014 WL 199907, *3 (E.D. Pa. Jan. 16, 2014) (collecting cases)). Indeed, rejecting *Miller*'s bright line rule in favor of balancing various factors affecting a petitioner's culpability lies beyond the discretion of this Court. Williams's objection is overruled.

## IV.    CONCLUSION

After de novo review of the habeas corpus petition and supporting briefs, the complete federal and state court records, the R&R, and Williams's objections to the R&R, and for the reasons set forth herein, the R&R is approved and adopted.  Williams's objections to the R&R are overruled, his requests for discovery and an evidentiary hearing are denied, and his habeas petition is denied.  A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge